## J. I. DOWSETT *vs.* W. O. SMITH, Administrator of A. White, deceased.

### ASSUMPSIT. BEFORE HARTWELL, J.

### OCTOBER TERM, 1871.

An absolute bill of sale of a vessel, although made in fraud of creditors, cannot be varied by the purchaser by parol evidence that the conveyance was merely as security for advances, the vessel having been lost after the transfer.

### DECISION OF HARTWELL, J.

Jury waived. Contract to recover $771.25 for money lent, money paid, goods sold and delivered, and money due on a promissory note, less $249.47, the proceeds of a certain schooner alleged to belong to defendant's intestate.

Defendant pleaded in bar that the action was not brought within the statute time after rejection of the claim by the administrator, but the plea was held not to be verified, as the defendant merely informed the plaintiff as follows, viz.: "At present we decline accepting this claim. We shall use every means to do that which is just and right. Any light which you may give us on the subject will be gladly received." The plea

in bar was overruled on the ground that the rejection was not final. The defendant then filed an answer, admitting the accuracy of the items in the plaintiff's account, and claiming an offset of $700, by conveyance of a certain schooner, by bill of sale dated, acknowledged and recorded April 8, 1870. The plaintiff denied that the sale was absolute, alleging that the schooner was conveyed merely as security for advances to be made on her, and to enable the plaintiff, from her earnings, to be paid the sum due at date of transfer.

The evidence for the plaintiff was a deposition by M. C. Monsarrat, that at the plaintiff's request he proposed to White, in April, 1870, to place his schooner, Kitty Cartwright, in the plaintiff's hands as security for certain debts, and that she might be run to the best advantage, promising to reconvey her as soon as she should have cleared off the debt; that White agreed thereto, and executed a bill of sale conveying the schooner to the plaintiff absolutely in consideration of $700. W. R. Seal's testimony corroborates this evidence, adding that it was stated that the schooner leaked badly and needed repairs, and was already in arrears to the plaintiff, who was agent for her in Honolulu, and that this conveyance was also to protect White against his other creditors, as this was the only property he had available. The plaintiff filed certain letters by White, in which reference is made to the schooner in a way tending to show that White still regarded himself as owner.

The defendant filed the plaintiff's letters referring to the wreck of the schooner at Kauai, January 12, 1871, and to his present claim, in these words, viz.: "Allow me to tender you my sincere thanks for the interest you have taken regarding my schooner Kitty Cartwright. * * She is uninsured, and I hope may yet be saved. * * I had sold the schooner to Captain Dick, but my chance for pay is very small should she be a total loss." And again: "The sale to Captain Dick was made with a proviso, no papers were passed, and the sale would have to be confirmed by the parties interested, * * if he (Dowsett) is not the proper person to tender you thanks, who

is? The bill of sale of schooner to J. I. Dowsett was executed on the 8th day of April, 1870, and you will see by reference to the account *vs.* White that there were transactions subsequent to that date. We think that if you have the papers and accounts of White, you will find an account made out and given to Mr. White long after the transfer."

The defendant's counsel objected to the admission of parol evidence tending to contradict the terms of the bill of sale.

### BY THE COURT.

The facts in the case are clear enough on the evidence above recited, and the only question is one of law.

The bill of sale was absolute, and as far as the world could know, the plaintiff was legal owner of the schooner. Had he declined to reconvey her to White when her earnings should have cleared off the debt, White could have had no remedy at law. His success in equity would have been doubtful, to say the least. He would have been referred to the maxims that he who seeks equity must do it; that no one can be relieved from the consequences of his own fraud; that conspirators in frauds against creditors cannot have the aid of the Courts to compel specific performance of immoral contracts; that Courts of Justice are not to be used as means of working injustice, making fraud easy and successful. He would have been estopped by the consideration of $700, expressed in his deed, from showing its insufficiency unless there was such a gross inadequacy as to indicate deceit or fraud, and certainly if he did not offer to show that this sum was an unfair valuation, he would be entitled to no relief.

No one can deny that this secret parol agreement was a fraud on the other creditors. The deed of conveyance made the plaintiff legal owner of the schooner, and placed her out of the reach of other creditors, who might have insured or otherwise secured her, or obtained their share of her earnings. If a Court of Equity would refuse to allow White to show that the deed of sale was affected by a simultaneous parol agreement, how can a Court of law allow the plaintiff to do this, who was

prime mover in this transaction, at whose instance this course was taken, and who, in case of its success, would have been in a position to derive the sole benefit? The plaintiff chose to take this means to reimburse himself, to go before the world as a *bona fide* purchaser for value, but now that the vessel is lost in his hands, he seeks to show that he was not a *bona fide* purchaser. He took the chances of gain, and on him must rest the loss. The law regards him as legal owner for one purpose as well as another. It does not appear that he suggested to White's administrator before the vessel was lost that he held her in trust, or that he ever offered to account for her until her loss; on the contrary, he acted as sole owner, even assuming to sell her without notice to White's heirs.

The rules of law which forbid evidence of a parol agreement to contradict, control or vary the clear terms of a contemporaneous or subsequent written agreement, can not be relaxed in favor of the plaintiff as against the heirs of White under the circumstances of this case.

The evidence of all the transactions between the plaintiff and White shows $71.25 still unaccounted for.

Let judgment for $71.25 in favor of the plaintiff be entered.

*A. F. Judd,* for plaintiff.

*S. B. Dole,* for defendant.

October, 1871.